IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

EUGENE WESLEY                                                                                    PETITIONER
ADC #101996

v.                                           4:20-cv-00459-SWW-JJV

STATE OF ARKANSAS[1]                                                                        RESPONDENT

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

---

[1] Pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the respondent should be named as the state officer who has custody of the petitioner. Therefore, Dexter Payne, Director of the Arkansas Division of Correction, is the appropriately named respondent, and the Clerk is directed to amend the docket to substitute him as the respondent. *See* Ark. Code Ann. § 12-27-101(a)(1) (establishing the Division of Correction to "assume the custody, control, and management of the state penitentiary" and "provide for the custody, treatment, rehabilitation, and restoration of adult offenders").

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. BACKGROUND

Petitioner Eugene Wesley, an inmate at the East Arkansas Regional Unit of the Arkansas Division of Correction, was convicted in 1993 in the Circuit Court of Nevada County, Arkansas, of aggravated robbery, kidnapping, and theft of property. (Doc. No. 1 at 14.) He was sentenced to terms of life, twenty years', and ten years' imprisonment, respectively, with the kidnapping sentence to run consecutively to the others for a total of life plus twenty years. (*Id*.) The Arkansas Supreme Court affirmed on direct appeal, summarizing the evidence in the case as follows:

> The record reveals that, at about noon on May 28, 1993, a male, wearing a light-colored sweat suit and also a red scarf mask around his face, entered the Country Store in Falcon. When Wesley entered, Pat Jones, a store employee, actually saw Wesley's face when his mask fell down and before he could pull it back up. Jones had known Wesley for twenty to twenty-five years. Jones testified she was absolutely sure that Wesley was the one who entered the store, grabbed her and held a knife to her throat while he took money from the cash register. Wesley then forced Jones at knife point into her own truck. He drove the truck a quarter of a mile from the store before letting her out and driving away. Finally, Jones

> testified that she was sure Wesley was the perpetrator because approximately five or six months before the robbery, he had entered the store wearing a mask and claiming he had a cold. That earlier event helped Jones recognize Wesley's voice at the time of the robbery.

*Wesley v. State*, 318 Ark. 83, 85, 883 S.W.2d 478, 479 (1994).

In 1999, after unsuccessful attempts at post-conviction relief in state court, Mr. Wesley filed in this court a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Wesley v. Norris*, No. 5:99CV00391-JMM. He alleged he received ineffective assistance of counsel, he was illegally arrested, witness testimony was excluded from the trial, and an eyewitness committed perjury. *Id.*, Doc. No. 1 at 4-5. This petition was dismissed on the grounds that it was not timely filed and the claims were procedurally defaulted. *Id.*, Doc. Nos. 9, 12. Both the district court and the United States Court of Appeals for the Eighth Circuit denied a certificate of appealability. *Id.*, Doc. Nos. 18-19. In 2001, Mr. Wesley filed another § 2254 petition, this time in the Western District of Arkansas. *Wesley v. Norris*, No. 4:01CV04151-HFB. It was dismissed as an unauthorized second or successive habeas petition. *Id.*, Doc. No. 14. Subsequently, Mr. Wesley filed five applications seeking leave from the Eighth Circuit to file successive habeas petitions. *Id.*, Doc. Nos. 20, 22; *Wesley v. Norris*, No. 5:99CV00391-JMM, Doc. Nos. 20-23. All were denied. *Id.*

Mr. Wesley now brings the instant Petition for Writ of Habeas Corpus pursuant to § 2254. (Doc. No. 1.) He alleges his life sentence on the aggravated robbery conviction is unconstitutional. (*Id.* at 1.) His argument is somewhat unclear, but he seems to say he should have been sentenced to ten years because Arkansas law at the time of the offense required a minimum ten-year sentence for aggravated robbery. (*Id.* at 2, 5-9.) Mr. Wesley suggests a mandatory minimum sentence is mandatory in the sense that it must be imposed. (*Id.*) I have conducted a preliminary review of Mr. Wesley's Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United

States District Courts. Based on that review, I recommend the Petition be dismissed without prejudice.

## II. ANALYSIS

In accordance with 28 U.S.C. § 2244(b)(3), petitioners who have previously filed a federal habeas petition must first obtain authorization from the appropriate federal court of appeals before filing a second or successive habeas petition. *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011). Without an order from the court of appeals authorizing the filing of a successive petition, the district court lacks jurisdiction to hear the petition. *Burton v. Stewart,* 549 U.S. 147, 152-53, 157 (2007). A court of appeals may authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. 28 U.S.C. § 2244(b)(3)(C). Specifically, claims asserted in a second or successive habeas petition that were not alleged in a previously filed habeas petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*Id*. at § 2244(b)(2).

The language of § 2244(b) is binding, and prior authorization to file a second or successive habeas petition is an absolute requisite to this Court's authority to consider a petition. 28 U.S.C. § 2244(b)(3); *see also Williams*, 658 F.3d at 853 ("A 'second or successive' habeas petition requires authorization from a federal court of appeals prior to filing."). Section 2244(b)(3)(A)

"acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition" until the court of appeals has granted the petitioner permission to file one. *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir.2003). There is nothing in the record to indicate Mr. Wesley sought and received authorization from the United States Court of Appeals for the Eighth Circuit before filing this Petition. Additionally, I find that none of the criteria set forth in 28 U.S.C. § 2244(b)(2) apply to Mr. Wesley's Petition. Therefore, this Court lacks jurisdiction over Mr. Wesley's claim.

If Mr. Wesley wishes to pursue relief, he must first obtain permission from the Eighth Circuit to file a successive petition. At present, this Court simply does not have jurisdiction over Mr. Wesley's claim. His Petition should be dismissed without prejudice so he may refile should the Eighth Circuit grant him permission to proceed.

### III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Mr. Wesley's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED without prejudice and the requested relief be DENIED.

DATED this 27th day of May 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE